UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-23127-CIV-CMA

SANTIAGO US PACHECO,                        )
EDA PATRICIA FIGUEROA VELASQUEZ, )
and all others similarly situated under 29   )
U.S.C. 216(b),                               )
                                             )
                  Plaintiffs,                )
      vs.                                    )
                                             )
CACERES INTERIOR PARTITIONS, INC.,  )
JORGE E CACERES,                             )
                                             )
                  Defendants.                )
_____)

# PLAINTIFFS' STATEMENT OF CLAIM[1]

Now come the Plaintiffs, by and through the undersigned, and file the above-described

Statement of Claim as follows:

**Plaintiff SANTIAGO US PACHECO**
**a) Half-Time Overtime Claim (11/1/17-4/29/18):**
Amount of Half-Time Overtime per hour not compensated: $9.00

---

[1] Plaintiffs' calculation of damages is based on the Florida Minimum Wage rate (as opposed to the Federal Minimum Wage rate). *See, Touzout v. Am. Best Car Rental KF Corp.,* 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017)("pursuant to 29 U.S.C. Section 218, part of the FLSA, employers must comply with any state law that establishes a minimum wage higher than the minimum wage under the FLSA. 29 U.S.C § 218(a). Furthermore, courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA. *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917, (S.D. Fla. Jul. 11, 2014); *Ortiz v. Santuli Corp.*, No. 08–20218–Civ, 2010 WL 2926517 (S.D. Fla. Jul. 23, 2010); *Roldan v. Pure Air Solutions, Inc.*, No. 07–22203–Civ, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009)."); *See also*, 29 C.F.R. § 541.4 ("Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act."). *See also*, 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.").

Weeks: 26 rounded up
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $1,872 X 2 = $3,744.00, *exclusive of* **attorneys' fees and costs**

### b) Time-And-One-Half Overtime Claim (4/30/18-5/29/18):
Amount of Time-And-A-Half Overtime per hour not compensated: $27.00 (based on $18/hr.)
Weeks: 4
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $864 X 2 = $1,728.00, *exclusive of* **attorneys' fees and costs**

### Unpaid Wages Claim Based on $18.00/hr. (4/30/18-5/29/18):
Amount per hour not compensated: $18.00
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $2,880 X 2 = $5,760.00, *exclusive of* **attorneys' fees and costs**
### In The Alternative to (b):
### Time-And-One-Half Overtime Claim (4/30/18-5/29/18):
Amount of Time-And-A-Half Overtime per hour not compensated: $12.38 (based on FL MW)
Weeks: 4
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $396.16 X 2 = $792.32, *exclusive of* **attorneys' fees and costs**

### Unpaid Wages Claim Based on FL MW (4/30/18-5/29/18):
Amount per hour not compensated: $8.25
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $1,320 X 2 = $2,640.00, *exclusive of* **attorneys' fees and costs**


### Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ
### a) Half-Time Overtime Claim (11/1/17-2/27/18):
Amount of Half-Time Overtime per hour not compensated: $9.00
Weeks: 17
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $1,224 X 2 = $2,448.00, *exclusive of* **attorneys' fees and costs**

### b) Time-And-One-Half Overtime Claim (2/28/18-3/28/18):
Amount of Time-And-A-Half Overtime per hour not compensated: $27.00 (based on $18/hr.)
Weeks: 4
Overtime hours per week: 8

Total overtime wages unpaid and liquidated damages: $864 X 2 = $1,728.00, *exclusive of* **attorneys' fees and costs**

**Unpaid Wages Claim Based on $18.00/hr. (2/28/18-3/28/18):**
Amount per hour not compensated: $18.00
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $2,880 X 2 = $5,760.00, *exclusive of* **attorneys' fees and costs**

**In The Alternative to (b):**
**Time-And-One-Half Overtime Claim (2/28/18-3/28/18):**
Amount of Time-And-A-Half Overtime per hour not compensated: $12.38 (based on FL MW)
Weeks: 4
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $396.16 X 2 = $792.32, *exclusive of* **attorneys' fees and costs**

**Unpaid Wages Claim Based on FL MW (2/28/18-3/28/18):**
Amount per hour not compensated: $8.25
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $1,320 X 2 = $2,640.00, *exclusive of* **attorneys' fees and costs**


\* Plaintiffs seek all fees and costs under the FLSA. The above calculations do not account for fees and costs under the FLSA sought by Plaintiffs.
\*\* Plaintiffs reserve the right to seek time-and-one-half damages for any *additional* completely unpaid overtime hours should the facts adduced in discovery justify same.
\*\*\* Plaintiffs reserve the right to seek minimum wage damages under the Florida Constitution. Plaintiffs reserve their right to the extent Plaintiffs' claim for Florida Minimum Wage overlaps Plaintiffs' claim for Federal Minimum Wage payments to seek the higher of the two applicable rates.
\*\*\*\* Count II of Plaintiffs' Complaint includes claims for Minimum Wage Violations as an alternative to Count III, Claim for Unpaid Wages under F.S. § 448.08 as an alternative to Count II against Defendants, jointly and severally. Plaintiffs seek all damages in Counts II-III including attorney's fees, costs, as well as all other damages recoverable by law under same. Plaintiffs reserve their rights to argue to a Jury that the wages due and owing to them should be based on their hourly rate of $18/hr. based on agreement and will request the factfinder (the Jury) ultimately determine their entitlement. In the alternative, to the extent Plaintiffs' claims for Count II overlap with Plaintiffs' claims for Count III, Plaintiffs are claiming the higher of the two applicable rates. Plaintiffs reserve the right to claim the higher of the two calculations and in no way waive said rights.
\*\*\*\*\* Counts IV-V of Plaintiffs' Complaint include claims for Breach of Contract and Unjust Enrichment against Defendants, jointly and severally. Plaintiffs seek all damages in Counts IV-V

including attorney's fees, costs, as well as all other damages recoverable by law under same. Same is not included in the above calculations. Plaintiffs reserve their rights to argue to a Jury that the wages due and owing to them should be based on their hourly rate of $18/hr. based on agreement and will request the factfinder (the Jury) ultimately determine their entitlement. In the alternative, to the extent Plaintiffs' claims for Count IV-V overlap with Plaintiffs' claims for Count II-III, Plaintiffs are claiming the higher of the two applicable rates. Plaintiffs reserve the right to claim the higher of the two calculations and in no way waive said rights.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
     Rivkah F. Jaff, Esquire
     Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 8/2/18 TO:

**ALL CM/ECF RECIPIENTS**

**BY:_____/s/ Rivkah F. Jaff_____
     RIVKAH F. JAFF, ESQ.**