UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-23127-CIV-CMA

SANTIAGO US PACHECO,                          )
EDA PATRICIA FIGUEROA VELASQUEZ, )
LUIS HUMBERTO MALDONADO           )
FLORES, SAMUEL ENAMORADO         )
GOMEZ, and all others similarly situated   )
under 29 U.S.C. 216(b),                              )
                                                                    )
            Plaintiffs,                                        )
    vs.                                                           )
                                                                    )
CACERES INTERIOR PARTITIONS, INC., )
JORGE E CACERES,                                 )
                                                                    )
            Defendants.                                     )
_____ )

**<u>SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME, MINIMUM WAGE VIOLATIONS, UNPAID WAGES, AND CLAIM FOR BREACH OF CONTRACT, AND CLAIM FOR UNJUST ENRICHMENT</u>**

Plaintiffs, SANTIAGO US PACHECO, EDA PATRICIA FIGUEROA VELASQUEZ, LUIS HUMBERTO MALDONADO FLORES, and SAMUEL ENAMORADO GOMEZ, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Second Amended Complaint against Defendants, CACERES INTERIOR PARTITIONS, INC., and JORGE E CACERES, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant, CACERES INTERIOR PARTITIONS, INC., is a corporation that regularly transacts business within Dade County.

4. The individual Defendant JORGE E CACERES is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate

**1** of **19**

Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff SANTIAGO US PACHECO worked for Defendants as a plaster finisher from on or about November 1, 2017 through on or about May 29, 2018.

10. Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ worked for Defendants as a plaster

finisher from on or about November 1, 2017 through on or about March 28, 2018.

11. Plaintiff LUIS HUMBERTO MALDONADO FLORES worked for Defendants as a plaster finisher from on or about March 10, 2015 through on or about May 20, 2018.

12. Plaintiff SAMUEL ENAMORADO GOMEZ worked for Defendants as a plaster finisher from on or about December 20, 2016 through on or about May 20, 2018.

13. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to Plaintiffs by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while Plaintiffs worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

14. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

15. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, 2016 and 2017.

16. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $250,000 for the first six months of the year 2018 and is expected to exceed $500,000 for the year 2018.

17. Plaintiffs' Statement of Claim is as follows:[1]

>**Plaintiff SANTIAGO US PACHECO**
>**a) Half-Time Overtime Claim (11/1/17-4/29/18):**
>Amount of Half-Time Overtime per hour not compensated: $9.00
>Weeks: 26 rounded up
>Overtime hours per week: 8
>Total overtime wages unpaid and liquidated damages: $1,872 X 2 = $3,744.00, *exclusive of* **attorneys' fees and costs**
>
>**b) Time-And-One-Half Overtime Claim (4/30/18-5/29/18):**
>Amount of Time-And-A-Half Overtime per hour not compensated: $27.00 (based on $18/hr.)
>Weeks: 4
>Overtime hours per week: 8
>Total overtime wages unpaid and liquidated damages: $864 X 2 = $1,728.00, *exclusive of* **attorneys' fees and costs**
>
>**Unpaid Wages Claim Based on $18.00/hr. (4/30/18-5/29/18):**
>Amount per hour not compensated: $18.00
>Weeks: 4
>Regular hours per week: 40
>Total overtime wages unpaid and liquidated damages: $2,880 X 2 = $5,760.00, *exclusive of* **attorneys' fees and costs**
>
>**In The Alternative to (b):**
>**Time-And-One-Half Overtime Claim (4/30/18-5/29/18):**

---

[1] Plaintiffs' calculation of damages is based on the Florida Minimum Wage rate (as opposed to the Federal Minimum Wage rate). *See, Touzout v. Am. Best Car Rental KF Corp.,* 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017)("pursuant to 29 U.S.C. Section 218, part of the FLSA, employers must comply with any state law that establishes a minimum wage higher than the minimum wage under the FLSA. 29 U.S.C § 218(a). Furthermore, courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA. *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917, (S.D. Fla. Jul. 11, 2014); *Ortiz v. Santuli Corp.*, No. 08–20218–Civ, 2010 WL 2926517 (S.D. Fla. Jul. 23, 2010); *Roldan v. Pure Air Solutions, Inc.*, No. 07–22203–Civ, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009)."); *See also*, 29 C.F.R. § 541.4 ("Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act."). *See also*, 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.").

Amount of Time-And-A-Half Overtime per hour not compensated: $12.38 (based on FL MW)
Weeks: 4
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $396.16 X 2 = $792.32, *exclusive of* **attorneys' fees and costs**

**Unpaid Wages Claim Based on FL MW (4/30/18-5/29/18):**
Amount per hour not compensated: $8.25
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $1,320 X 2 = $2,640.00, *exclusive of* **attorneys' fees and costs**

**Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ**
**a) Half-Time Overtime Claim (11/1/17-2/27/18):**
Amount of Half-Time Overtime per hour not compensated: $9.00
Weeks: 17
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $1,224 X 2 = $2,448.00, *exclusive of* **attorneys' fees and costs**

**b) Time-And-One-Half Overtime Claim (2/28/18-3/28/18):**
Amount of Time-And-A-Half Overtime per hour not compensated: $27.00 (based on $18/hr.)
Weeks: 4
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $864 X 2 = $1,728.00, *exclusive of* **attorneys' fees and costs**

**Unpaid Wages Claim Based on $18.00/hr. (2/28/18-3/28/18):**
Amount per hour not compensated: $18.00
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $2,880 X 2 = $5,760.00, *exclusive of* **attorneys' fees and costs**

**In The Alternative to (b):**
**Time-And-One-Half Overtime Claim (2/28/18-3/28/18):**
Amount of Time-And-A-Half Overtime per hour not compensated: $12.38 (based on FL MW)
Weeks: 4
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $396.16 X 2 = $792.32, *exclusive of* **attorneys' fees and costs**

**Unpaid Wages Claim Based on FL MW (2/28/18-3/28/18):**
Amount per hour not compensated: $8.25
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $1,320 X 2 = $2,640.00, *exclusive of* **attorneys' fees and costs**

**Plaintiff LUIS HUMBERTO MALDONADO FLORES**
**a) Half-Time Overtime Claim (8/22/15-4/22/18):**
Amount of Half-Time Overtime per hour not compensated: $9.00
Weeks: 139
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $10,008 X 2 = $20,016.00, *exclusive of* **attorneys' fees and costs**

**b) Unpaid Wages Claim Based on $18.00/hr. (4/23/18-5/20/18):**
Amount per hour not compensated: $18.00
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $2,880 X 2 = $5,760.00, *exclusive of* **attorneys' fees and costs**

**In The Alternative to (b):**
**Unpaid Wages Claim Based on FL MW (4/23/18-5/20/18):**
Amount per hour not compensated: $8.25
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $1,320 X 2 = $2,640.00, *exclusive of* **attorneys' fees and costs**

**Plaintiff SAMUEL ENAMORADO GOMEZ**
**a) Half-Time Overtime Claim (12/20/16-4/22/18):**
Amount of Half-Time Overtime per hour not compensated: $9.00
Weeks: 70 (rounded up)
Overtime hours per week: 8
Total overtime wages unpaid and liquidated damages: $5,040 X 2 = $10,080.00, *exclusive of* **attorneys' fees and costs**

**b) Unpaid Wages Claim Based on $18.00/hr. (4/23/18-5/20/18):**
Amount per hour not compensated: $18.00
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $2,880 X 2 = $5,760.00, *exclusive of* **attorneys' fees and costs**

**In The Alternative to (b):**
**Unpaid Wages Claim Based on FL MW (4/23/18-5/20/18):**
Amount per hour not compensated: $8.25
Weeks: 4
Regular hours per week: 40
Total overtime wages unpaid and liquidated damages: $1,320 X 2 = $2,640.00, *exclusive of* **attorneys' fees and costs**

18. Plaintiffs seek all fees and costs under the FLSA. The above calculations do not account for fees and costs under the FLSA sought by Plaintiffs.

19. Plaintiffs reserve the right to seek time-and-one-half damages for any *additional* completely unpaid overtime hours should the facts adduced in discovery justify same.

20. Plaintiffs reserve the right to seek minimum wage damages under the Florida Constitution. Plaintiffs reserve their right to the extent Plaintiffs' claim for Florida Minimum Wage overlaps Plaintiffs' claim for Federal Minimum Wage payments to seek the higher of the two applicable rates.

21. Count II of Plaintiffs' Complaint includes claims for Minimum Wage Violations as an alternative to Count III, Claim for Unpaid Wages under F.S. § 448.08 as an alternative to Count II against Defendants, jointly and severally. Plaintiffs seek all damages in Counts II-III including attorney's fees, costs, as well as all other damages recoverable by law under same. Plaintiffs reserve their rights to argue to a Jury that the wages due and owing to them should be based on their hourly rate of $18/hr. based on agreement and will request the factfinder (the Jury) ultimately determine their entitlement. In the alternative, to the extent Plaintiffs' claims for Count II overlap with Plaintiffs' claims for Count III, Plaintiffs are claiming the higher of the two applicable rates. Plaintiffs reserve the right to claim the higher of the two calculations and in no way waive said rights.

22. Counts IV-V of Plaintiffs' Complaint include claims for Breach of Contract and Unjust

Enrichment against Defendants, jointly and severally. Plaintiffs seek all damages in Counts IV-V including attorney's fees, costs, as well as all other damages recoverable by law under same. Same is not included in the above calculations. Plaintiffs reserve their rights to argue to a Jury that the wages due and owing to them should be based on their hourly rate of $18/hr. based on agreement and will request the factfinder (the Jury) ultimately determine their entitlement. In the alternative, to the extent Plaintiffs' claims for Count IV-V overlap with Plaintiffs' claims for Count II-III, Plaintiffs are claiming the higher of the two applicable rates. Plaintiffs reserve the right to claim the higher of the two calculations and in no way waive said rights.

23. Between the period of on or about November 1, 2017 through on or about May 29, 2018, except for approximately the last four weeks, Plaintiff SANTIAGO US PACHECO worked an average of 48 hours a week for Defendants and was paid an average of $18.00 per hour but was not paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

24. From on or about April 30, 2018 through on or about May 29, 2018, for approximately the last four weeks of Plaintiff SANTIAGO US PACHECO employment with Defendants, Plaintiff worked an average of 48 hours a week for Defendants and was paid an average of $0.00 per hour but was not paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week based on Plaintiff's agreed to rate of pay of an average of $18.00 per hour.

25. Between the period of on or about November 1, 2017 through on or about March 28, 2018,

Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ worked an average of 48 hours a week for Defendants and was paid an average of $18.00 per hour but was not paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

26. From on or about February 28, 2018 through on or about March 28, 2018, for approximately the last four weeks of Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ employment with Defendants, Plaintiff worked an average of 48 hours a week for Defendants and was paid an average of $0.00 per hour but was not paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week based on Plaintiff's agreed to rate of pay of an average of $18.00 per hour.

27. Between the period of on or about March 10, 2015 through on or about May 20, 2018, except for approximately the last four weeks, Plaintiff LUIS HUMBERTO MALDONADO FLORES worked an average of 48 hours a week for Defendants and was paid an average of $18.00 per hour but was not paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

28. Between the period of on or about December 20, 2016 through on or about May 20, 2018, except for approximately the last four weeks, Plaintiff SAMUEL ENAMORADO GOMEZ worked an average of 48 hours a week for Defendants and was paid an average of $18.00 per hour but was not paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime

rate for each hour worked above 40 in a week.

29. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COME NOW PLAINTIFFS, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-29 above and further state:

30. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than—$5.85 an hour…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July

24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

31. From on or about April 30, 2018 through on or about May 29, 2018, for approximately the last four weeks of Plaintiff SANTIAGO US PACHECO employment with Defendants, Plaintiff SANTIAGO US PACHECO worked an average of 48 hours a week for the Defendants. Plaintiff was paid nothing at all for said work in violation of the Fair Labor Standards Act as said payment of an average of $0.00 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $0.00/hr and the applicable minimum wage rate for all hours worked.

32. From on or about February 28, 2018 through on or about March 28, 2018, for approximately the last four weeks of Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ employment with Defendants, Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ worked an average of 48 hours a week for the Defendants. Plaintiff was paid nothing at all for said work in violation of the Fair Labor Standards Act as said payment of an average of $0.00 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $0.00/hr and the applicable minimum wage rate for all hours worked.

33. From on or about March 10, 2015 through on or about May 20, 2018, for approximately the last four weeks of Plaintiff LUIS HUMBERTO MALDONADO FLORES employment with Defendants, Plaintiff worked an average of 40 hours a week for Defendants. Plaintiff was paid nothing at all for said work in violation of the Fair Labor Standards Act as said payment of an average of $0.00 per hour did not meet the applicable Federal Minimum Wage required

for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $0.00/hr and the applicable minimum wage rate for all hours worked.

34. From on or about December 20, 2016 through on or about May 20, 2018, for approximately the last four weeks of Plaintiff SAMUEL ENAMORADO GOMEZ employment with Defendants, Plaintiff worked an average of 40 hours a week for Defendants. Plaintiff was paid nothing at all for said work in violation of the Fair Labor Standards Act as said payment of an average of $0.00 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $0.00/hr and the applicable minimum wage rate for all hours worked.

35. The Defendants wage payment practices to Plaintiffs for this time period did not meet the federal minimum wage law requirements as Plaintiffs was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

36. Defendants willfully and intentionally refused to pay Plaintiffs' minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, Plaintiffs request double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiffs' entire

employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

### COUNT III. UNPAID WAGES AS AN ALTERNATIVE TO COUNT II (UNPAID WAGES)

COME NOW PLAINTIFFS, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-38 above and further states:

37. This Court has jurisdiction for Plaintiffs unpaid wage claim as this is a claim for unpaid wages pursuant to Fla. Stat. § 448.08.

38. Plaintiff SANTIAGO US PACHECO orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $18.00 per hour.

39. From on or about April 30, 2018 through on or about May 29, 2018, for approximately the last four weeks of Plaintiff SANTIAGO US PACHECO employment with Defendants, Plaintiff worked approximately 48 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 48 hours that Plaintiff worked for Defendants at a rate of an average of $18.00 per hour.

40. Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $18.00 per hour.

41. From on or about February 28, 2018 through on or about March 28, 2018, for approximately the last four weeks of Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ employment with Defendants, Plaintiff worked approximately 48 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 48hours that Plaintiff

worked for Defendants at a rate of an average of $18.00 per hour.

42. Plaintiff LUIS HUMBERTO MALDONADO FLORES orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $18.00 per hour.

43. From on or about March 10, 2015 through on or about May 20, 2018, for approximately the last four weeks of Plaintiff LUIS HUMBERTO MALDONADO FLORES employment with Defendants, Plaintiff worked approximately 40 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 40 hours that Plaintiff worked for Defendants at a rate of an average of $18.00 per hour.

44. Plaintiff SAMUEL ENAMORADO GOMEZ orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $18.00 per hour.

45. From on or about December 20, 2016 through on or about May 20, 2018, for approximately the last four weeks of Plaintiff SAMUEL ENAMORADO GOMEZ employment with Defendants, Plaintiff worked approximately 40 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 40 hours that Plaintiff worked for Defendants at a rate of an average of $18.00 per hour.

46. As a direct proximate result of Defendants action, Plaintiffs have suffered damages.

47. Plaintiff SANTIAGO US PACHECO therefore brings a claim pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid for approximately 48 hours per week at the average rate of $18.00 per hour for the period of on or about April 30, 2018 through on or about May 29, 2018.

48. Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ therefore brings a claim pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid for

approximately 48 hours per week at the average rate of $18.00 per hour for the period of on or about February 28, 2018 through on or about March 28, 2018, for approximately the last four weeks.

49. Plaintiff LUIS HUMBERTO MALDONADO FLORES therefore brings a claim pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid for approximately 40 hours per week at the average rate of $18.00 per hour for the period of on or about March 10, 2015 through on or about May 20, 2018, for approximately the last four weeks.

50. Plaintiff SAMUEL ENAMORADO GOMEZ therefore brings a claim pursuant to Florida Statute § 448.08 for said unpaid wages for which Plaintiff was not paid for approximately 40 hours per week at the average rate of $18.00 per hour for the period of on or about December 20, 2016 through on or about May 20, 2018, for approximately the last four weeks.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to Florida Statute § 448.08 as cited above, to be proven at the time of trial for all wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by Florida Statute § 448.08 along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT IV. BREACH OF CONTRACT

COME NOW PLAINTIFFS, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-49 above and further state:

51. This Court has jurisdiction for Plaintiffs' breach of contract claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

52. Plaintiff SANTIAGO US PACHECO orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $18.00 per hour.

53. From on or about April 30, 2018 through on or about May 29, 2018, for approximately the last four weeks of Plaintiff SANTIAGO US PACHECO employment with Defendants, Plaintiff worked approximately 48 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 48 hours that Plaintiff worked for Defendants at a rate of an average of $18.00 per hour.

54. Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $18.00 per hour.

55. From on or about February 28, 2018 through on or about March 28, 2018, for approximately the last four weeks of Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ employment with Defendants, Plaintiff worked approximately 48 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 48 hours that Plaintiff worked for Defendants at a rate of an average of $18.00 per hour.

56. Plaintiff LUIS HUMBERTO MALDONADO FLORES orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $18.00 per hour.

57. From on or about March 10, 2015 through on or about May 20, 2018, for approximately the last four weeks of Plaintiff LUIS HUMBERTO MALDONADO FLORES employment with Defendants, Plaintiff worked approximately 40 hours for Defendants however Defendants

have not paid Plaintiff any wages for approximately 40 hours that Plaintiff worked for Defendants at a rate of an average of $18.00 per hour.

58. Plaintiff SAMUEL ENAMORADO GOMEZ orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiff the average of $18.00 per hour.

59. From on or about December 20, 2016 through on or about May 20, 2018, for approximately the last four weeks of Plaintiff SAMUEL ENAMORADO GOMEZ employment with Defendants, Plaintiff worked approximately 40 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 40 hours that Plaintiff worked for Defendants at a rate of an average of $18.00 per hour.

60. As a direct proximate result of Defendants action, Plaintiffs have suffered damages.

61. Plaintiff SANTIAGO US PACHECO therefore brings a claim for said unpaid wages for which Plaintiff was not paid for approximately 48 hours per week at the average rate of $18.00 per hour for the period of on or about April 30, 2018 through on or about May 29, 2018, for approximately the last four weeks.

62. Plaintiff EDA PATRICIA FIGUEROA VELASQUEZ therefore brings a claim for said unpaid wages for which Plaintiff was not paid for approximately 48 hours per week at the average rate of $18.00 per hour for the period of on or about February 28, 2018 through on or about March 28, 2018, for approximately the last four weeks.

63. Plaintiff LUIS HUMBERTO MALDONADO FLORES therefore brings a claim for said unpaid wages for which Plaintiff was not paid for approximately 40 hours per week at the average rate of $18.00 per hour for the period of on or about March 10, 2015 through on or about May 20, 2018, for approximately the last four weeks.

64. Plaintiff SAMUEL ENAMORADO GOMEZ therefore brings a claim for said unpaid wages

for which Plaintiff was not paid for approximately 40 hours per week at the average rate of $18.00 per hour for the period of on or about December 20, 2016 through on or about May 20, 2018, for approximately the last four weeks.

65. Plaintiffs have performed all duties under the contract, and, as such, Defendants have breached the contract.

66. Defendants breached the contract with Plaintiffs and, as a result, Plaintiffs have been damaged.

67. Defendants remain owing Plaintiffs the above-mentioned unpaid wages.

Wherefore, Plaintiffs requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of contract, demands judgment be entered in favor of Plaintiffs against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT V. UNJUST ENRICHMENT

COMES NOW PLAINTIFFS, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-67 above and further states:

68. Plaintiffs reassert and re-allege paragraphs 51-67 above regarding Plaintiffs' Claim for Breach of Contract (Count IV), as such facts also give rise to an action for unjust enrichment. Such facts which establish the breach, are also those which have resulted in unjust enrichment. Plaintiffs seek this claim in equity based on such facts, should it be determined Plaintiffs cannot recover at law under a breach theory.

69. Due to the aforesaid facts (also relevant to Plaintiffs claim for breach of contract – Count IV), Plaintiffs have conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continues to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiffs worked for Defendants, Defendants permitted Plaintiffs to work for him and his business, because Defendants chose to maximize his and his business's profit.

70. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiffs conferred a benefit on Defendants which Defendants was legally responsible to pay for.

WHEREFORE, Plaintiffs requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands judgment be entered in favor of Plaintiffs against Defendants, jointly and severally, for damages along with fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
     J.H. Zidell, Esq.
   Florida Bar Number: 0010121