## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-23127-CIV-ALTONAGA/Goodman

**SANTIAGO US PACHECO,** *et al.*,

      Plaintiffs,

v.

**CACERES INTERIOR PARTITIONS, INC.**
and **JORGE E. CACERES**

      Defendants.

_____/

### <u>ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE</u>

**THIS CAUSE** came before the Court upon the Clerk's Default [ECF No. 21], entered September 18, 2018.  Upon review of the record, it appears Defendants, Caceres Interior Partitions, Inc. and Jorge E. Caceres, have indeed failed to respond to the Second Amended Complaint [ECF No. 15] or otherwise appear in this action.  Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiffs must file one of the following two responses by **September 27, 2018**:

(1)  Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiffs shall file a *motion for default final judgment*.

The *motion for default final judgment* must include affidavits of any sum certain due by Defendants, and any other supporting documentation necessary to determine Plaintiffs' measure of damages.  The *motion* shall also be accompanied by (1) the necessary affidavit under the

---

[1] If there are multiple Defendants, Plaintiffs must state in the *motion for default final judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

Servicemembers Civil Relief Act, 50 U.S.C. section 3931(b), if applicable; (2) a proposed order; and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2).). In accordance with the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** at altonaga@flsd.uscourts.gov. Plaintiffs shall send a copy of the *motion* to Defendants' counsel or to Defendants, if they do not have counsel. In the certificate of service, Plaintiffs shall indicate that notices were sent to Defendants and the addresses where the notices were sent.

If Defendants fail to move to set aside the Clerk's Default or respond to the *motion for default final judgment* within the time permitted by the Rules, default final judgment may be entered, which, simply put, means Plaintiffs may be able to take Defendants' property or money, and/or obtain other relief against Defendants.

(2) Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiffs shall file a *notice of joint liability*. *See, e.g.*, *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *see also Burger v. Hartley*, No. 11-62037-CIV, 2012 WL 398649, at *2–3 (S.D. Fla. Feb. 7, 2012).

The *notice of joint liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiffs may move for the entry of default final judgment against Defendants, as described in (1) above, no later than 14 days thereafter.

         \*               \*               \*

Plaintiffs' failure to file for a *motion for default final judgment* or *notice of joint liability* within the specified time will result in a **dismissal** of Defendants without prejudice.

CASE NO. 18-23127-CIV-ALTONAGA/Goodman

**DONE AND ORDERED** in Miami, Florida, this 20th day of September, 2018.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record