**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO.: 18-CV-23127-CMA**

SANTIAGO US PACHECO,
EDA PATRICIA FIGUEROA VELASQUEZ,
LUIS HUMBERTO MALDONADO FLORES,
SAMUEL ENAMORADO GOMEZ, and all
others similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

v.

CACERES INTERIOR PARTITIONS, INC., and
JORGE E. CACERES,

        Defendants.
_____/

**MOTION TO COMPEL COMPLIANCE WITH THIS COURT'S
AUGUST 2, 2018 FLSA PRACTICES ORDER, ECF NO. 6**

    Defendants, by and through the undersigned's counsel, move to compel compliance with this Court's August 2, 2018 Order in Actions Brought Under the FLSA, ECF No. 6, and state as follows:

    1.    Plaintiffs filed a multi-count complaint seeking minimum wages and alleged unpaid overtime under the FLSA, as well as common law breach of contract and unjust enrichment claims.

    2.    This Court, like others in this district, has specific FLSA practices. Accordingly, on August 2, 2018, the Court directed Plaintiffs to file a "Statement of Claim."

    3.    Together with the Statement of Claim, the Court directed Plaintiff to "promptly serve a copy of this Order, the Statement of Claim, <u>and copies of all supporting documents (including time sheets, pay stubs, etc.) upon counsel for Defendant</u>(s) once an appearance has been made or at the time the Statement of Claim is filed." ECF No. 6 at p.2.

4.  On September 28, 2018, shortly after the Court set aside the Clerk's Default entered against Defendants, Plaintiffs' counsel served a copy of ECF No. 6 and the Statement of Claim (ECF No. 7) on the undersigned.

5.  Plaintiffs' counsel then immediately filed a Notice of Compliance, stating that they had complied with this Court's Order. ECF. No. 31.[1]

6.  The undersigned responded the same day to note that no Statement of Claim had been filed as to two Plaintiffs.

7.  In addition, the undersigned wrote "please let us know where the records are, supporting your clients claims, which have been ordered to be produced by the Court. . . . No such documents were produced, so I find the notice of compliance to be less than accurate. I understand you assert plaintiffs were paid in cash. Notwithstanding this, they still have the burden, as the plaintiffs, of presenting SOME evidence of the fact that they worked for Defendants, the time they worked, and the pay they claim to have been paid and/or are owed."

8.  Although Plaintiff's counsel emailed that day regarding various other matters, they ignored the undersigned's Sep. 28 email. Accordingly, on September 30, shortly before both parties' counsel would be closing for the then-upcoming Jewish holiday, the undersigned again wrote to confer regarding the missing documents.

9.  On October 3, Plaintiffs' counsel emailed asking about the Joint Scheduling Conference, but again did not respond regarding the inaccurate notice of compliance. Accordingly, the undersigned again asked about this issue. Plaintiff's counsel responded that they were catching up due to the Jewish holidays, but they would respond later that day regarding the two

---

[1] Plaintiffs did the same thing when they initially filed the Statement of Claim on August 2, 2018, *see* ECF No. 9, although they struck that notice since it obviously was not accurate given no Defendant had yet appeared on which the Statement of Claim and other materials had been served.

aforementioned issues. Plaintiff's counsel did not do so.

10.     On October 4, Plaintiff's counsel finally responded noting they would update the Statement of Claim as to the two Plaintiffs for which none was filed.

11.     As to the missing documents, Plaintiffs' counsel produced **one** text message from an unidentified Plaintiff and 4 pictures showing 4 individual calls, allegedly to Defendant Jorge Caceres, by unidentified parties. Plaintiff's counsel wrote that "[o]ther than the attached, at this point, Plaintiffs do not have text messages to produce. Further, Plaintiffs do not have deposits and/or receipts that would reflect the cash payments made by Defendants during their employment - if same becomes available during the course of the litigation we will supplement the record per the rules requiring us to do so, without waiving objections. Plaintiff Velasquez has envelopes and possibly handwritten records (if she can locate same) and we will produce same as soon as practicable - we are aiming for Friday."

12.     Because Plaintiffs' counsel presumably conducted a pre-suit investigation and had a good faith basis to assert the very specific claims they made on behalf of *all* the Plaintiffs, not just one of them who has one text message, the undersigned asked that Plaintiff's counsel provide such records now, as this Court Ordered, and not "at some point in the litigation."

13.     Plaintiffs' counsel refused to provide a date certain for when she would produce the envelopes and handwritten notes that one Plaintiff admittedly has, and refused to confirm she has no records to otherwise support the very specific claims made in the Second Amended Complaint. *See* email thread attached hereto as Exhibit A. Under the circumstances, the Notice of Compliance Plaintiffs filed on September 28 was and remains inaccurate.

14.     The undersigned does not understand how Plaintiffs could make the claims they do unless there is some method of proving this. And, in order to prepare for the Settlement Conference

ordered by this Court, the undersigned requires such records. The undersigned assumes that this is one of the very purposes underlying the Court's Order – to facilitate an exchange of the information supporting the Plaintiffs' claim and allow for a fruitful settlement conference.

15. Finally, the undersigned notes that the Statement of Claim filed by Plaintiffs is, like the Second Amended Complaint, almost impossible to decipher.

16. The Court Ordered Plaintiffs (who presumably should know the times they claim to have worked and the amounts they were paid) to identify specifically what type of wages they are seeking, and the times period covered thereby.

17. Plaintiffs, however, have each alleged various different-and inconsistent-claims in the same statement of claim. *See* ECF No. 7 and 32. For example, Plaintiffs claim overtime at the half time rate for one period in which they apparently admit they were paid straight time. Plaintiffs then claim overtime at the $27/hr rate for another period during which they claimed to have not been paid at all, and seek $18 an hour for the regular rate during those same 4 weeks they were allegedly not paid. At the same time, Plaintiffs, obviously aware that the FLSA is not a general wage recovery statute and does not permit them to recover anything more than minimum wage (and 1.5 times minimum wage) for hours they were not paid at all (i.e. hours in which there was no regular rate), seek only minimum wages and 1.5 times minimum wage for the same four weeks they were not paid.[2]

18. Plaintiffs cannot have it two different ways: if they admit they are only entitled to recover, under the FLSA, minimum wages and overtime at 1.5 times the minimum wage, this is what belongs in the Statement of Claim. The current Statement of Claim, with multiple different alternative claims, for multiple different Plaintiffs, does not provide any clarity as to what Plaintiffs

---

[2] Plaintiffs also include multiple footnotes, qualifications, and caveats which again make it impossible to know what they are actually claiming now and what they may claim at some later point.

are seeking. As a result, Defendants can neither prepare a response, nor properly prepare for a Settlement Conference when there is such a drastic difference in Plaintiffs' various competing theories *about their own claims*.

19. Accordingly, Defendants move the Court to compel Plaintiffs to comply with its August 2, 2018 Order, ECF No. 6, by producing any documents on which they intend to rely to support their unpaid wage claim, and further direct Plaintiffs to file a straightforward Statement of Claim

>Respectfully submitted,
>
>By:  /s/ *Mendy Halberstam*
>Mendy Halberstam, Esq.
>Florida Bar No. 68999
>Email: Mendy.Halberstam@JacksonLewis.com
>Arielle S. Eisenberg, Esq.
>Florida Bar No. 0111467
>Email: Arielle.Eisenberg@JacksonLewis.com
>JACKSON LEWIS P.C.
>One Biscayne Tower, Suite 3500
>2 South Biscayne Boulevard
>Miami, Florida 33131
>Telephone:  305-577-7600
>Facsimile:   305-373-4466
>*Attorneys for Defendant*

**CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that I conferred with opposing counsel on multiple days regarding this motion, as set forth herein and in Exhibit A. The undersigned strongly regrets that the parties could not resolve the matter and this motion had to be filed.

>s/ Mendy Halberstam
>Mendy Halberstam, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 4, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

                                                   s/ Mendy Halberstam
                                                   Mendy Halberstam, Esq.

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Santiago Us Pacheco, et al. v. Caceres Interior Partitions, Inc., et al.*
**Case No. 18-CV-23127-CMA**

| | |
|---|---|
| J.H. Zidell, Esq. | Mendy Halberstam, Esq. |
| Florida Bar No. 0010121 | Florida Bar No. 68999 |
| E-mail: zabogado@aol.com | E-mail: mendy.halberstam@jacksonlewis.com |
| J.H. Zidell, P.A. | Arielle S. Eisenberg, Esq. |
| 300 71st Street, Suite 605 | Florida Bar No. 0111467 |
| Miami Beach, Florida 33141 | Email: Arielle.Eisenberg@JacksonLewis.com |
| Telephone: (305) 865-6766 | JACKSON LEWIS P.C. |
| Facsimile: (305) 865-7167 | One Biscayne Tower, Suite 3500 |
| | 2 South Biscayne Boulevard |
| *Attorneys for Plaintiffs* | Miami, FL 33131 |
| | Telephone: 305-577-7600 |
| | Facsimile: 305-373-4466 |
| | |
| | *Attorneys for Defendants* |

4834-9864-5878, v. 1